IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                              Case No. 5:19-CR-50053-TLB-MEF-1

OTIS HILL                                                                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on April 26, 2021. (ECF No. 40). The United States filed its response on May 27, 2021. (ECF No. 43). Defendant filed a reply on June 21, 2021, and a supplemental reply on August 31, 2021. (ECF Nos. 45, 46). The matter is ready for report and recommendation.

### I.     BACKGROUND

On June 26, 2019, Defendant, Otis Hill ("Hill"), was named in an Indictment charging him with three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Hill was arrested on June 27, 2019 (ECF No. 6), and he appeared for arraignment before the Hon. Erin L. Wiedemann, United States Magistrate Judge, on July 1, 2019, at which time Hill entered a not guilty plea to the Indictment. (ECF No. 8). John B. "Jack" Schisler ("Schisler"), Assistant Federal Public Defender, was appointed to represent Hill. (ECF No. 10).

On August 1, 2019, Hill appeared before the Hon. Timothy L. Brooks, United States District Judge, for a change of plea hearing. (ECF No. 14). Pursuant to a written Plea Agreement, Hill pleaded guilty to Count Four of the Indictment charging him with knowingly and intentionally

1

possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 14; ECF No. 15, ¶ 1). The Court determined that Hill's guilty plea was voluntary and supported by an independent factual basis, his guilty plea was accepted, and the Court deferred approval of the plea agreement until it had an opportunity to review the presentence report. (ECF No. 14).

An initial Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on September 27, 2019. (ECF No. 16). Timely objections to the PSR were made by both the Government and Hill. (ECF Nos. 19, 20). The PSR was revised to resolve all the objections offered by the Government and Hill, except for Hill's Objection One. (ECF No. 21-1). Hill's Objection One concerned his classification as a career offender. (ECF No. 20, pp. 1-2). The Probation Officer addressed this concern in an Addendum to the PSR, explaining that Hill had had a violent crime conviction and a controlled substance conviction, and thus the sentencing report was correct in utilizing the career offender enhancement calculations. (ECF No. 21-1, pp. 2-3).

A revised final PSR was submitted to the Court on November 21, 2019, with Hill's Objection One remaining unresolved. (ECF No. 24; ECF No. 24-1, p. 1). The PSR determined that Hill was accountable for 59.28 grams of cocaine. (ECF No. 24, ¶ 29). Based on that drug quantity, Hill's base offense level was determined to be 14. (*Id*., ¶ 35). Classified as a career offender, Hill's offense level was elevated to 32. (*Id*., ¶ 41). After a three-level reduction for acceptance of responsibility, Hill's total offense level was determined to be 29. (*Id*., ¶ 42-44). Hill had six criminal history points placing him in criminal history category III, but pursuant to U.S.S.G. § 4B1.1(b), Hill's career offender status placed him in criminal history category VI. (*Id*., ¶ 80-81). The statutory maximum term of imprisonment for the count of conviction was 20 years.

(*Id.*, ¶ 114). Based upon a total offense level of 29 and a criminal history category of VI, Hill's advisory guidelines imprisonment range was reported to be 151 to 188 months. (*Id.*, ¶ 115).

Hill appeared with his counsel for sentencing on December 12, 2019. (ECF Nos. 27, 37). Upon inquiry by the Court, Hill stated that he was fully satisfied with his counsel. (ECF No. 37, p. 5). The Court determined that Hill had an opportunity to read and discuss the PSR and revisions with his counsel. (*Id.*, pp. 6-8). AFPD Schisler confirmed that Hill's Objection One to the PSR, an objection to Hill's status as a career offender, remained unresolved. (*Id.*, p. 9). It was clarified that the objection concerned whether Hill's predicate convictions for attempt to commit robbery[1] and conspiracy to possess with intent to distribute cocaine base[2], both inchoate offenses, fell within the scope of U.S.S.G. §§ 4B1.1 and 4B1.2. (*Id.*, pp. 9-10). AFPD Schisler presented his argument to the Court and, while acknowledging that Eighth Circuit precedent[3] held that inchoate offenses could be used in determining career offender status, he contended that such precedent was wrongly decided and noted a split among the circuits. (*Id.*, pp. 11-14). Citing *United States v. Brown*, 916 F.3d 706, 708 (8th Cir. 2019), the Court found that a defendant's prior state court conviction for attempted robbery was appropriately considered a crime of violence as contemplated in U.S.S.G. §§ 4B1.1 and 4B1.2. (*Id.*, pp. 15-16). Next, referring to *Mendoza-Figueroa* and *United States v. Ramirez*, 782 Fed.Appx. 521 (8th Cir. 2019) (unpublished), the Court found that conspiracy to commit a drug offense was properly considered a controlled substance offense within the scope of U.S.S.G. §§ 4B1.1 and 4B1.2. (*Id.*, p. 16). Upon such findings, the Court overruled Hill's PSR objection regarding his status as a career offender. (*Id.*).

---

1 ECF No. 24, ¶ 51.
2 ECF No. 24, ¶ 69.
3 *United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995) (*en banc*); *United States v. Merritt*, 934 F.3d 809 (8th Cir. 2019).

Following argument from counsel and a statement from Hill, the Court discussed the § 3553(a) factors and, noting that the effect of Hill's career offender enhancement was "very drastic" (ECF No. 37, p. 58), the Court varied downward to impose a sentence of 100 months imprisonment, followed by three years of supervised release, and a fine of $1,900.00. (ECF No. 27; ECF No. 37, pp. 63-67). The remaining counts of the Indictment were dismissed. (ECF No. 27; ECF No. 37, p. 67). Judgment was entered by the Court on December 17, 2019. (ECF No. 28).

Hill filed a direct appeal to the Eighth Circuit Court of Appeals. (ECF No. 30). His counsel challenged the inchoate offenses as not qualifying offenses under U.S.S.G. § 4B1.2. (ECF No. 39-1, p. 2). Hill acknowledged that his appeal was filed for the purpose of preserving the issue for an Eighth Circuit en banc or Supreme Court review. (*Id.*). In an opinion filed on March 3, 2021, the Eighth Circuit affirmed Hill's sentence, finding that the district court properly applied Eighth Circuit precedent. (*Id.*, p. 3). Hill was granted leave to file a pro se supplemental brief, in which he argued that his convictions for attempt to commit robbery were too old to count as a career-offender predicate crime of violence. (*Id.*). Explaining that the longer of two suspended sentences was later revoked, and Hill's revocation sentence resulted in his incarceration during the 15-year lookback period, the Eighth Circuit rejected the argument. (*Id.*).

On March 26, 2021, Hill timely filed his § 2255 motion now before the Court. (ECF No. 40). The motion asserts two grounds for relief: (1) ineffective assistance of counsel for failing to argue U.S.S.G. § 4A1.2(a)(2), and (2) the district court misapplied the sentencing guidelines when it sentenced Hill under the career offender enhancement without considering U.S.S.G. § 4A1.2(a)(2). (ECF No 40, pp 5-7; No. 40-1; No. 46 p. 1). The United States responded to the

4

motion on May 27, 2021. (ECF No. 43). Hill filed a reply to the response on June 21, 2021 (ECF No. 45), and a supplement to the reply (ECF No. 46) was filed on August 31, 2021.

## II. DISCUSSION

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Hill's § 2255 motion and the files and records of this case conclusively shows that Hill is not entitled to relief, and the denial and dismissal of his § 2255 motion with prejudice is recommended.

### A. Standards for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*.

5

at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

### B. Failure to Argue Prior Convictions Were Consolidated

Hill first claims AFPD Schisler provided ineffective assistance when he "failed to address the court on my sentence being consolidated under the provisions of 4A1.2(a)(2)." (ECF No. 40, p. 4). He alleges counsel knew his prior convictions in January 2001 were consolidated, but that counsel "failed to address the court that the sentence was a consolidated sentence prior to the revocation and met the criteria of … § 4A1.2(a)(2) provisions." (ECF No. 40-1, p. 1). The claim

6

lacks merit and should be denied for the reasons discussed below.

As noted above, defense counsel did argue at sentencing and on direct appeal that the inchoate nature of Hill's prior convictions (attempt and conspiracy offenses) did not support career offender sentencing enhancement. The Eighth Circuit Court of Appeals rejected that argument based on Eighth Circuit precedent. In his *pro se* supplemental brief, Hill also argued that his consolidated attempted robbery convictions were too old to count as a career-offender predicate crime of violence. Finding that the revocation of Hill's longer suspended sentence (on one of the two counts of attempted robbery) resulted in his incarceration during the 15-year look-back period, the Eighth Circuit rejected that argument.

Hill fails to explain in this § 2255 proceeding how his counsel's failure to argue that the sentences for the two counts of attempted robbery were consolidated would have made a difference in the determination of Hill's career offender status at sentencing, as even with consolidation Hill's prior criminal history still supported the career offender sentencing enhancement.

Conceding that Hill's prior convictions on two counts of criminal attempt to commit robbery (ECF No. 24, ¶ 51) are consolidated offenses and properly considered as only one prior conviction for career offender purposes, the Government correctly points out that even with this concession, Hill still has two predicate convictions to support his career offender status. (ECF No. 43, p. 9). In addition to Hill's prior conviction for the consolidated two counts of attempt to commit robbery (ECF No. 24, ¶ 51), Hill also had a prior conviction for conspiracy to possess with intent to distribute cocaine base (*Id*., ¶ 69), thus giving him "at least two prior felony convictions of either a crime of violence or a controlled substance offense" under U.S.S.G. § 4B1.1(a).

The Eighth Circuit has clearly held that drug conspiracy convictions and Arkansas robbery

7

convictions qualify as predicates for sentencing enhancement under the career offender guideline. *See United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc) (Sentencing Commission acted within its authority in drafting commentary and permissibly concluded that drug conspiracy offenses qualify under U.S.S.G. § 4B1.2); *United States v. Brown*, 1 F.4th 617, 621 (8th Cir. 2021) (conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance constitutes a controlled substance offense for the purposes of career offender enhancement); *United States v. Sawyer*, 588 F.3d 548, 556 (8th Cir. 2009) (Arkansas conviction for attempted robbery is a crime of violence under the career offender guideline); and *United States v. Stovall*, 921 F.3d 758, 760-61 (8th Cir. 2019) (Arkansas conviction for robbery fit within the generic federal definition of robbery and qualified as a crime of violence under the career offender guideline).

Hill does not dispute that his prior conviction for conspiracy to possess with intent to distribute cocaine could be used as a predicate for sentencing enhancement as a career offender. (ECF No. 40-1, p. 2). He challenges the use of his 2001 attempted robbery convictions, arguing that under U.S.S.G. § 4A1.2(a)(2) the two counts of conviction met the criteria to be considered related and treated as a single sentence. (*Id*., p. 3). In his reply brief, he contends that "only one sentence can be used and it excludes the other." (ECF No. 45, p. 1). He argues the sentence on Count 1 was the longer sentence (42 months imprisonment), so it would have received the three criminal history points under U.S.S.G. § 4A1.1(a), and since this sentence was fully served and completed more than 15 years before the instant offenses, Hill claims the consolidated sentences for the two attempted robberies cannot be used as a predicate for career offender purposes. (*Id*.).

In a supplemental brief (ECF No. 46), Hill cites *King v. United States*, 595 F.3d 844 (8th

8

Cir. 2010), in which the court held that to qualify as a "prior felony" for career offender purposes, the felony must receive criminal history points under one of the first three subsections of U.S.S.G. § 4A1.1 governing calculation of criminal history category, noting that not every offense within a group of related prior sentences necessarily receives the criminal history points ascribed to the group, and that a potential career offender predicate can be subsumed within a group of convictions which includes a non-predicate offense that received a longer sentence and therefore earned the designated criminal history points.  Such were the facts in *King*, where the defendant had two groups of prior sentences: in the first group a non-predicate offense received the criminal history point because it was the longest sentence; and in the second group it was unclear which sentence received the criminal history point since King received equivalent suspended sentences for two counts, thus making either or both of them, or neither of them, "the longest sentence of imprisonment." *Id*. at 849-50.  Since the potential predicate offense in each group (resisting arrest) did not receive a criminal history point, King argued that his resisting arrest conviction in each group could not be a predicate for § 4B1.1.  The court recognized that "where prior convictions … are to be treated as one sentence under § 4A1.1(a)-(c), it is not clear whether the individual convictions receive criminal history points[,]" and because it was uncertain whether King's convictions for resisting arrest received criminal history points, the court applied the rule of lenity and gave him the benefit of the of the reading which resulted in a lower sentence. *Id*. at 850-52.

The unique facts in *King* are absent in the present case.  Here, Hill's two counts of conviction for attempted robbery, both potential predicate offenses for career offender purposes, were grouped together as one sentence pursuant to § 4A1.2(a)(2).  (ECF No. 24, ¶ 51).  Three criminal history points were assessed for these two grouped sentences in the PSR.  The 42-month

sentence of imprisonment imposed on Count 1 was the longer term of imprisonment of the two counts. (*Id*.). Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2), the sentence for Count 1 would have been assessed three criminal history points as the longest sentence of imprisonment, but the PSR shows that Hill was released from the Arkansas Division of Correction ("ADC") bootcamp program on November 19, 2001, and he completed his supervision term on that count on April 9, 2004, more than 15 years prior to Hill's commencement of the instant offenses. (*Id*.). Thus, that prior sentence was too old to be counted for criminal history points. U.S.S.G. § 4A1.1, cmt. 1. On Count 2, Hill was initially sentenced to 120 months suspended sentence, but his suspended sentence was revoked on July 18, 2006, and Hill was sentenced to 30 months in prison on that count. (*Id*.). As the Eighth Circuit Court of Appeals held in Hill's direct appeal, that revocation sentence resulted in Hill's incarceration during the 15-year lookback period. (ECF No. 39-1, p. 3). The revocation sentence of 30 months imprisonment on Count 2 earned the three criminal history points under § 4A1.1(a) as reported in the PSR. Accordingly, Hill's prior felony conviction and revocation sentence on Count 2 received criminal history points under § 4A1.1(a) and qualifies as a "prior sentence" for career offender purposes.

Given that Hill had one prior felony conviction for a crime of violence (attempted robbery) and one prior felony conviction for a controlled substance offense (conspiracy to possess with intent to distribute cocaine), it would have been pointless for defense counsel to claim that Hill did not have at least two prior felony convictions of "either a crime of violence or a controlled substance offense" pursuant to U.S.S.G. § 4B1.1(a). Ineffective assistance of counsel cannot arise from the failure to make a meritless argument. *Larson v. United States,* 905 F.2d 218, 219 (8th Cir. 1990); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). See *Haney v. United*

*States*, 962 F.3d 370, 374-75 (8th Cir. 2020) (where the sentencing argument had no merit, counsel was not ineffective in declining to advance it).

Hill's first ground for relief should be denied.

### C. Hill's Guidelines Claim is Procedurally Defaulted

For his second ground for relief, Hill claims the Court erred in sentencing him under the career offender enhancement of U.S.S.G. § 4B1.1. (ECF No. 40, p. 5; ECF No. 40-1, pp. 2-4). This is a stand-alone guidelines error claim based on the same analysis asserted in his ineffective assistance of counsel claim discussed above. The Government contends the claim is procedurally defaulted and cannot be raised in a § 2255 motion. (ECF No. 43, pp. 10-12). The Court agrees.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Hill knowingly and intelligently pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He does not challenge the voluntary nature of his guilty plea in these collateral proceedings; instead, he argues the Court erred in classifying him as a career offender under the Sentencing Guidelines at sentencing.

In his direct appeal, Hill's counsel argued that inchoate offenses, such as attempt and conspiracy, are not qualifying predicate offenses under U.S.S.G. § 4B1.2, citing precedent from the Sixth and D. C. Circuits. (ECF No. 39-1). Finding that the district court properly applied

11

circuit precedent, the Eighth Circuit Court of Appeals affirmed the judgment of this court. (*Id*.). In a supplemental brief permitted by the Court of Appeals, Hill also argued that his convictions for attempt to commit robbery were too old to be considered for career offender purposes. (*Id*., p. 3). That argument was rejected by the Eighth Circuit because Hill's lengthy suspended sentence on one of the two counts of conviction was later revoked, and Hill's 30-month revocation sentence resulted in incarceration during the 15-year lookback period. (*Id*.).

Seeking § 2255 relief, Hill now claims the Court erred in sentencing him as a career offender under § 4B1.1, stating that "my sentence on criminal attempt to commit robberys (sic) were a consolidate sentence in 2000." (ECF No. 40, p. 5). He admits he did not raise this issue on direct appeal, explaining that he "was not aware at the time," that "COV-19 prevented me from raising this issue," and "lack of evidence." (*Id*., pp. 5-6). He further states he "did not have the evidence to prove my information, but did challenge the career offender application." (*Id*., p. 9). In his supporting brief, Hill reiterates that both counts of attempted robbery in 2000 proceeded under one case number, thus "proving my case was consolidated," and that "the career offender enhancement should be disqualified under the provision of § 4A1.2(a)(2)." (ECF No. 40-1, p. 2-4). Hill does not dispute use of his prior conviction for conspiracy to possess with intent to distribute cocaine as a predicate for career offender enhancement. (*Id*., p. 2).

As previously noted, the Government does not dispute that the predicate offenses reported in paragraph 51 of the PSR, the two counts of criminal attempt to commit robbery, would be considered consolidated and count as only one prior conviction for career offender purposes, but it argues that even so, Hill also had another qualifying predicate offense – his conviction for conspiracy to possess with intent to distribute cocaine – thus giving Hill at least two prior felony

12

convictions of either a crime of violence or a controlled substance offense. (ECF No. 43, p. 9). The Government also contends that Hill's second ground for relief is barred by the doctrine of procedural default due to his failure to raise his current claim on direct appeal. (*Id.*, pp. 10-12).

In reply, Hill again argues that his two convictions for criminal attempt to commit robbery were consolidated, and he adds "only one sentence can be used and it excludes the other." (ECF No. 45, p. 1). More specifically, he argues the sentence on Count 1 was the longer sentence (42 months imprisonment), so he believes it would have received the three criminal history points under U.S.S.G. § 4A1.1(a), and since this sentence was fully served and completed more than 15 years before the instant offenses, Hill claims the consolidated sentences for the two attempted robberies cannot be used as a predicate for career offender purposes. (*Id.*). This presents a new version of Hill's argument, which Hill concedes, but he adds that he is only explaining it differently using what he believes to be the right guideline and circumstances. (*Id.*, p. 2). Hill continued to further advance and explain his claim in a supplemental brief, citing *King v. United States*, supra, in support. (ECF No. 46).

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000). When a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Apfel*, 97 F.3d at 1076; and *Frady*, 456 U.S. at 167-68. "For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from

raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Hill admits his current career offender guideline claim was not raised on direct appeal (ECF No. 40, p. 5), and "[t]his argument is new" (ECF No. 45, p. 2), but he then suggests that he is only explaining it differently using what he now believes are the correct guideline and circumstances. To the extent Hill is contending his current claim was raised on direct appeal, and that he is just explaining the claim differently in this proceeding, then he is seeking to relitigate a matter decided against him on direct appeal. He may not do so. Claims that "were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013) (internal citations omitted). To the extent Hill is asserting a new claim not previously raised on direct appeal, then it is procedurally defaulted and may only be raised in this § 2255 proceeding if Hill can show cause and prejudice or a miscarriage of justice.

Hill makes no such showing here. His basis for not raising this issue on direct appeal is simply that he "[w]as not aware at the time [.] COV[ID]-19 prevented me from raising this issue[.] [L]ack of evidence." (ECF No. 40, p. 7). The law is clear, however, that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute overcoming a procedural default. *See Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir 1992); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart*, 921 F.2d 830, 832 n. 5 (8th Cir. 1990); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988); and *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Further, the facts and circumstances concerning Hill's prior consolidated convictions for criminal attempt to commit robbery were well known to Hill at the time of sentencing and direct appeal, and while he did argue they were too old to be counted as a predicate

14

for career offender purposes, he simply did not argue the issue more precisely on direct appeal as he has done in this proceeding. His assertion of "lack of evidence" has no merit because the history and details of those consolidated prior convictions were set forth in detail in the PSR and no further evidence was needed to present his claim. Lastly, he fails to specifically allege and demonstrate how COVID-19 prevented him from raising his claim on direct appeal.

Since Hill has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)). Moreover, Hill's claim fails to rise to the level of a miscarriage of justice to overcome the procedural bar. In *King*, for example, upon which Hill relies, the court held that a similar claim did not rise to that extraordinary level. *King*, 595 F.3d at 852.

Beyond the procedural bar, guidelines interpretation claims are simply not cognizable under § 2255. Few sentencing errors are of a constitutional nature that can support a § 2255 claim. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 348-50 (1992). *Sawyer* has been limited to capital cases, and allegations of sentencing guidelines errors are not cognizable under § 2255 *unless the sentence imposed exceeds the statutory maximum. See also: Sun Bear v. United States*, 644 F.3d 700, 708 (8th Cir. 2011) (en banc) (internal citations omitted) (§ 2255 does not apply to garden-variety Sentencing Guideline application issues); *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (ordinary questions of guideline interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim); and *King*, 595 F.3d at 852 (ordinary questions of guideline interpretation are not remediable on a § 2255 motion unless the error rises to the level of being a miscarriage of justice). Hill's sentence of 100 months imprisonment falls

15

well within the statutory maximum sentence of 20 years provided by 21 U.S.C. § 841(a)(1). Hill's guideline misclassification claim is simply not cognizable in this § 2255 proceeding.

Hill's second ground for relief should be denied.

### D.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Such are the circumstances in this case where the record conclusively shows that Hill's claims are procedurally barred, not cognizable under § 2255, and otherwise lack merit.

### E.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case. *Slack v. McDaniel*, 529 U.S. 473 (2000). Hill has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  CONCLUSION

For the reasons and upon the authorities discussed above, Hill's career offender guideline claim has been procedurally defaulted, is not cognizable in this § 2255 proceeding, and is otherwise unsupported by the record in this case. Hill's claim of ineffective assistance of counsel likewise

finds no support in the record. It is recommended that Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 40) be **DISMISSED with PREJUDICE**. It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of November 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE