IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| OTIS HILL | ) | |
| | ) | |
| v. | ) | Criminal No. 5:19-CR-50053-001 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is Petitioner Otis Hill's ("**Mr. Hill**") *pro se* Motion for Compassionate Release. (Doc. 53). The Government has responded (Doc. 56), and Mr. Hill filed a supplemental response. (Doc. 57). Pursuant to the provisions of 28 U.S.C § 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a Report and Recommendation. For the reasons explained below, the Court recommends the Motion be **DENIED** as Mr. Hill has not demonstrated entitlement to compassionate release.

### I. BACKGROUND

Mr. Hill was named as the defendant in a four-count indictment filed on June 26, 2019, in the Western District of Arkansas. (Doc. 1). Counts One through Three charged Mr. Hill with knowingly and intentionally distributing a controlled substance, namely, a mixture or substance that contained cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *Id.* Count Four charged Mr. Hill with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a mixture or substance that contained cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1). *Id.*

On August 1, 2019, Mr. Hill appeared before U.S. District Judge Timothy L. Brooks, pleading guilty to Count Four of the Indictment, charging him with knowingly and intentionally

possessing with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1).  (Doc. 14). Before sentencing, the Probation Office issued Mr. Hill's Final Revised Presentence Investigation Report ("PSR").  (Doc. 24).  After being held accountable for 59.28 grams of cocaine, Mr. Hill's base offense level was calculated at 14, but due to his career offender classification–based on two prior felony convictions for two counts of robbery and a prior conviction for conspiracy to possess with intent to distribute cocaine—his offense level increased to 32.  (Doc. 24 ¶ 41).  Following Mr. Hill's acceptance of responsibility for Count Four of his Indictment, his total offense level was reduced to 29.  Subsequently, Mr. Hill faced a statutory maximum of 20 years imprisonment, and his advisory guidelines range was 151 – 188 months imprisonment due to his career offender and category VI criminal status.  (Doc. 24 ¶81; ¶ 115).  Mr. Hill objected that he should not be classified as a career offender because his prior offenses were inchoate offenses.  (Docs. 20; 25).

On December 12, 2019, Mr. Hill was sentenced to 100 months imprisonment, 3 years supervised release, $100 special assessment, and a $1,900 fine.  (Docs. 27, 28).  Mr. Hill filed a notice of appeal, and the Eighth Circuit affirmed the district court's classification of Mr. Hill as a career offender.  (Doc. 30).

On April 26, 2021, Mr. Hill filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Brief in Support under 28 U.S.C § 2255.  (Docs. 40 and 40-1).  Mr. Hill alleged his counsel was ineffective by failing to object to his prior convictions serving as predicate offenses for career offender status, and that the district court erred in sentencing him as a career offender.  *Id.*  Mr. Hill's Motion was denied on December 13, 2021.  (Doc. 51).

On April 20, 2023, Mr. Hill filed the instant Motion seeking Compassionate Release, requesting that the district court resentence him to "time served" pursuant to 18 U.S.C. § 3582(c)(1)(A) and (B)(2). (Doc. 53).  The United States responded on May 16, 2023.  (Doc. 55).

2

## II. MR. HILL'S MOTION FOR COMPASSIONATE RELEASE

Mr. Hill's Motion rests on his argument that (1) rehabilitation, (2) disparity of sentence, and (3) a change in law under the Career Offender Act are all factors the Court should find extraordinary and compelling. (Doc. 52). Additionally, Mr. Hill provided a supplementary brief admitting responsibility for his attempt to commit an offense under Arkansas Code Annotated §5-3-201 but contesting responsibility for violating Arkansas Code Annotated §5-12-201. (Doc. 53).

## III. UNITED STATES' RESPONSE

The United States argues that Mr. Hill's Motion should be denied because (1) Mr. Hill failed to exhaust his administrative remedies; (2) Mr. Hill failed to establish extraordinary and compelling reasons, as required by law, in justification of the relief he seeks; and (3) the factors in 18 U.S.C. § 3553(a) weigh against any such relief.

## IV. THE FIRST STEP ACT

Under the First Step Act, a court can modify a term of imprisonment when (1) the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons ("**BOP**") to bring a Motion on the defendant's behalf, or a lapse of 30 days from receipt of such a request by the warden of the facility; <u>and</u> (2) there are extraordinary and compelling reasons that warrant such a reduction. 18 U.S.C. § 3582 (C)(1)(A). Furthermore, the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582 (C)(B)(2).

1. **Exhaustion of Administrative Remedies or Lapse of 30 Days from Receipt of Request by the Facility Warden**

The First Step Act's exhaustion of all administrative remedies or 30-day lapse from receipt of request requirement is a "mandatory claim-processing rule" that "must be enforced so long as

3

the opposing party raises it." *United States v. Houck*, 2 F. 4th 1082, 1084 (8th Cir. 2021). Therefore, when opposing parties properly raise the petitioner's failure to either exhaust all administrative remedies or wait 30 days before filing a Motion, courts dismiss compassionate release motions without prejudice. *Id.*

The United States raised the mandatory exhaustion principle, stating that Mr. Hill "has failed to address this requirement at all in this Motion and makes no showing that he has exhausted his administrative remedies." (Doc 56 at *3). Additionally, the Court acknowledges Mr. Hill's failure to address the alternative possibility of 30 days lapsing from receipt of a request by the facility warden. Therefore, despite having the right to seek compassionate relief on his own behalf, this Court finds that Mr. Hill's Motion is subject to dismissal without prejudice until he provides further documentation regarding either his exhaustion of administrative remedies or a lapse of 30 days from receipt of such a request by the facility warden.

**2.      Extraordinary and Compelling Reasons**

Because the Court anticipates Mr. Hill may re-file his Motion, the Court pauses to consider its merits. Under the First Step Act, the Court must find the Petitioner's situation serious enough to constitute extraordinary and compelling reasoning for compassionate release. *United States v. Willis*, 2022 WL 1072890, at *1 (W.D. Ark. April 8, 2022). Historically, courts have found: (1) a defendant's medical condition such as a "terminal illness" or a condition "substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which he is not expected to recover"; (2) the defendant is at least 65 years old or experiencing serious deterioration of mental or physical health due to age and has served at least 10 years or 75 percent of his term of imprisonment; or (3) the defendant's family circumstances include either (i) death or incapacitation of the caregiver of defendant's minor child or children, (ii) death or incapacitation

4

of defendant's spouse or registered partner qualify as extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13, 18 U.S.C.A § 3582 (C)(1)(A).

### a. Rehabilitation

Mr. Hill argues that the Court should find his completion of various rehabilitation programs throughout his imprisonment extraordinary and compelling. (Doc. 53). Mr. Hill has completed: (1) Preparing Financial Future, (2) ACE Parenting/Family Values, (3) Phase 1 & 2 Parenting, (4) National Parenting Program, (5) Drug Education, (6) Act Workeys. (Doc. 53). Additionally, Mr. Hill has a low recidivism pattern score. *Id.*

This Court commends Mr. Hill for successfully completing the foregoing rehabilitation programs and achieving a low recidivism score as it will undoubtedly prepare him for success following release from custody. Although Mr. Hill has made efforts towards preparation for reintegration into society, this Court does not find Mr. Hill's completion of rehabilitation efforts to be extraordinary or compelling under the United States Sentencing Guidelines and the First Step Act. Thus, the Court views Mr. Hill's rehabilitation alone as an insufficient basis for a compassionate sentence reduction.

### b. Disparity of Sentence and Change in Law "Career Offender Act"

Mr. Hill argues he is entitled to relief due to disparity of sentence because in 2019, his sentencing guideline was 79 months but, if Mr. Hill were sentenced today for the same offenses, his guideline would be 15 to 21 months. Although Mr. Hill's calculation may be correct, his argument disregards his sentencing classification as a career offender. Mr. Hill has previously appealed his career offender classification, and it was denied by the district court and affirmed on

appeal. Therefore, the Court does not find the alleged disparity extraordinary or compelling. Mr. Hill's Motion for Compassionate Release fails under 18 U.S.C.A § 3582 (C)(1)(A).

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Mr. Hill's Motion for Compassionate Release be **DENIED.** First, Mr. Hill's failure to show either an exhaustion of his administrative remedies, or a lapse of 30 day from receipt of request from the correctional facility's warden. Second, although the Court commends Mr. Hill for his hard work in completing rehabilitation programs, his accomplishments do not constitute extraordinary and compelling reasons for this Court to grant him compassionate release. And third, Mr. Hill's argument regarding the disparity of sentence and his career offender classification is (A) invalid it was rejected on appeal and in his habeas case; and (B) does not qualify as extraordinary or compelling reasons for the Court to grant him compassionate release.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 23rd day of June 2023.

*Christy Comstock*
**CHRISTY COMSTOCK**
**UNITED STATES MAGISTRATE JUDGE**